UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DEWAUN STEPHENS, ) | |
| ) | |
| Plaintiff, ) | Case: 3:23-cv-50132 |
| ) | |
| v. ) | |
| ) | |
| TPG PRESSURE, INC. D/B/A THOMPSON ) | |
| PIPE GROUP-PRESSURE ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Dewaun Stephens ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against TPG Pressure, Inc. d/b/a Thompson Pipe Group-Pressure ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §2000e *et seq.* ("Title VII") to correct unlawful employment practices on the basis of race and to provide appropriate relief to Plaintiff who was adversely impacted by such practices. Moreover, this lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") for Defendant's sexual harassment based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of

1964, 42 U.S.C. §2000e-5 *et seq*.

3.  Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.  All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5.  A charge of employment discrimination on basis of race discrimination, sex discrimination, and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). (attached hereto as Exhibit "A").

6.  Notification of the Right to Sue was issued by the EEOC. (attached hereto as Exhibit "B").

7.  The Original Complaint was filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

## THE PARTIES

8.  The Plaintiff (African American) was hired by Defendant as a welder in or around October 2021.

9.  Defendant's principal address is listed as 4416 Prairie Hill Road, South Beloit, Illinois 61080.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen

employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

12. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under Title VII. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff received a Notice of Right to Sue from the EEOC, and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

13. The Plaintiff was subjected to discrimination and retaliation on the basis of his race (African American).

14. The Plaintiff was subjected to unwanted and continuous sexual harassment.

15. The Plaintiff is an African-American male.

16. On or around May 13, 2022, Plaintiff's coworker "Ramon" began to sexually harass Plaintiff.

17. Ramon would place objects in between Plaintiff's legs and attempt to touch Plaintiff's genital area.

18. Plaintiff strongly objected to Ramon's unwanted conduct.

19. Plaintiff reported this conduct to his supervisor "Dave Smith." Despite reporting the constant harassment, Mr. Smith replied that Ramon was "just joking" and no further action was taken.

20. Plaintiff requested to be transferred to a different department, but his request was denied.

21. On or around June 29, 2022, Plaintiff filed a complaint with the union requesting that the harassment stop immediately. The harassment continued.

22. In September 2022, Plaintiff, as well as other African-American employees, were referred to as "colored boys" by the maintenance supervisor. Plaintiff reported this conduct to supervisor "Matt Haden" but Mr. Haden responded to Plaintiff by stating, "That's how these old guys talk, that's just the era that they are from." Again, no actions were taken to address the discriminatory conduct.

23. In October 2022, Plaintiff again requested to be transferred to another department. Mr. Haden informed Plaintiff that those positions were "permanently filled." The other department filled its positions with less qualified, Caucasian employees.

24. Subsequently, following Plaintiff's numerous complaints of racial and sexual harassment, Defendant falsely accused Plaintiff of harassment.

25. Following this false accusation, Plaintiff immediately reached out to Defendant's Human Resources representative "Angela Dorsey." Ms. Dorsey informed Plaintiff that the "…claims are bogus and do not make much sense."

26. Despite this, Plaintiff was suspended without pay and without an investigation.

27. Plaintiff offered to make a statement regarding the false allegations, but was denied that opportunity.

28. Shortly thereafter, Plaintiff's employment was terminated.

29. The Defendant's pre-textual reason for the Plaintiff's termination was allegedly a harassment claim, a claim Plaintiff immediately disputed and was not afforded an opportunity to rebut.

30. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his supervisor about the discrimination and harassment he was subjected to.

31. Plaintiff is able to show that he participated in protected activity under Title VII and that Defendant retaliated against him for doing so.

32. The Plaintiff has been subjected to racial discrimination, sexual harassment, a hostile work environment, and retaliated against, which are violations of the Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
**Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. Section 1981**

33. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

34. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

35. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal race discrimination in violation of 42 U.S.C. Section 1981.

36. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

37. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

38. Plaintiff demands a jury try this count.

## COUNT II
**Demand for Relief for Race-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.***

39. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

40. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on their race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

41. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

42. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

43. By reason of Defendant's discrimination, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

44. Plaintiff demands a jury try this count.

## COUNT III
**Sex-Based Harassment in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**

45. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

46. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

47. Defendant knew or should have known of the harassment.

48. The sexual harassment was severe or pervasive.

49. The sexual harassment was offensive subjectively and objectively.

50. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his sex, male.

51. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

52. Plaintiff demands a jury try this count.

## COUNT IV
**Demand for Relief for Retaliation in Violation of 42 U.S.C. §2000e, *et seq*.**

53. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

54. By virtue of the foregoing, Defendant retaliated against Plaintiff based on their reporting the race-based discrimination and sexual harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

55. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

56. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

57. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

58. Plaintiff demands a jury try this count.

## JURY TRIAL DEMAND

59. The Plaintiff requests trial by jury for issues so triable.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Damages sufficient to compensate Plaintiff for her injuries;

b. Back Pay;

c. Emotional Distress Damages;

d. Pre-judgment and post-judgment interest;

e. Punitive damages;

f. Reasonable attorney's fees;

g. An award of litigation costs and expenses; and

h. Any and all other relief that this Honorable Court may deem just and equitable.

Dated this 19th day of April, 2023.

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
Sulaiman Law Group Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*